UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE B. OSMER,

        Plaintiff,

   v.

Officer JASON AVERY, et al.,

        Defendants.

Case No. C09-5498 FDB

ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE OF DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff's Fed. R. Civ. P. 56(f) motion for a continuance of defendants' motion for summary judgment. The Court, having reviewed the pleadings and the record herein, is fully informed and hereby grants the motion for a continuance.

**Introduction and Background**

This case was filed on August 14, 2009, as a removal action from Jefferson County Superior Court. On December 30, 2009, Defendants filed a motion for summary judgment seeking dismissal of this action premised on the qualified immunity of the defendants. The motion was supported by the declarations of the defendant Port Townsend Police Officers Jason Avery and Matt Krysinski.

Although Plaintiff's counsel had been working to schedule the depositions of these

ORDER - 1

defendant officers, the depositions had not taken place prior to the filing and noting date of the motion for summary judgment. Plaintiff presently seeks a continuance to provide the opportunity to depose these parties prior to responding to the motion for summary judgment.

The Plaintiff's First Amended Complaint alleges that Officers Avery and Krysinski entered Plaintiff's property through a fully fenced-in gate and that Osmer's blinds were already drawn when the officers entered onto the property. Although the reports of Avery and Krysinski seem to indicate the blinds were open, the reports do not provide any details as to exactly how they approached Mr. Osmer's residence, the extent to which Osmer's blinds were closed or open, or whether officers walked through a fully fenced-in gate before entering the residence. Plaintiff seeks to depose the officers in order to flesh out the merits of the officers statements regarding their approach to the residence and the ability to observe the activity within the residence.

**Rule 56(f) Standards**

Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the non-moving party needs additional discovery to explore facts essential to justify the party's opposition. Crawford-El v. Britton, 523 U.S. 574, 599 n. 20 (1998). It is the moving party's burden to show that material facts exist that would preclude summary judgment. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). To satisfy this burden, the moving party must submit an affidavit setting forth the specific facts sought in discovery, a representation that the facts exist, and an explanation of how the facts are essential to oppose summary judgment. Family Home And Finance Center, Inc. v. Federal Home Loan Mortgage Corporation, 525 F.3d 822, 827 (9th Cir. 2008).

Here, the Court finds that Plaintiff's motion should be granted for two primary reasons. First, the information Plaintiff seeks through discovery in order to respond to Defendants' motion for summary judgment goes to the heart of Defendants' claim of qualified immunity; i.e. the propriety of the search and seizure. Second, given that such immunity is immunity from suit, such

ORDER - 2

an interest must be balanced against a Plaintiff's right to discovery.  Because Plaintiff herein has demonstrated a need for discovery on the issue of qualified immunity, this Court finds that this balance of interests tips in favor of allowing discovery limited to the qualified immunity issue. Plaintiff should be able to depose the Defendant officers prior to consideration of the qualified immunity defense.  Therefore, the Court will continue the noting date of Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(f).

**Conclusion**

For the afore mentioned reasons,

IT IS ORDERED:

Plaintiff's Motion for Continuance of Defendants' Motion for Summary Judgment under Rule 56(f) [Dkt. # 31] is **GRANTED**.  Defendants' Motion for summary judgment is **STRICKEN** from the January 29, 2010 calender and renoted for March 12, 2010.  Plaintiff will be provided the opportunity to depose the Defendant officers and file a supplemental response to the motion for summary judgment, no later than March 8, 2010.  Defendants may file a supplemental reply no later than March 12, 2010.

DATED this 8th day of February, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3