1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

JESSE B. OSMER,

Plaintiff,

12

13

v.

14

Officer JASON AVERY, et al.,,

15

Defendants.

Case No. C09-5498 RBL

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

16

17       This matter comes before the Court on Plaintiff Jesse B. Osmer's motion for reconsideration

18   of this Court's Order granting Defendants' motion for summary judgment.

19       Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are

20   disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior

21   ruling, or (b) facts or legal authority which could not have been brought to the attention of the court

22   earlier, through reasonable diligence.  Plaintiff has not made the requisite showing as to either of

23   the grounds for reconsideration under CR 7(h)(1).

24       Plaintiff contends that the Court erred in its ruling where the Order "appeared to contain a

25   'finding' that Officer Krysinski could see through the Plaintiff's blinds."  Plaintiff argues that he

26   ORDER - 1

1  repeatedly testified at his deposition that the blinds were closed and that the officers could not see

2  through his blinds.  This is not his testimony.  Plaintiff's testimony is not that the Officers could not

3  see through the blinds, but only that he was sitting in the living room with the blinds closed.

4  Plaintiff does not testify as to whether the Officers could see through the closed blinds from outside

5  the house, nor was he in a position to know such.  In fact, he testifies that when the door was

6  opened, he observed one of the Officers trying to peek in the blinds.  Osmer Dep. 71:5-8.

7       The Order states that both Officers arrived shortly after midnight and approached the front

8  door of the residence through a fence gate.  Officer Krysinski states he could see through the

9  partially closed blinds of a large bay window where he observed a man sitting on a couch, and

10  shortly thereafter, he saw another man enter the room.  Officer Avery knocked on the front door,

11  identified himself as the police department, and requested the resident to come to the door. At that

12  time Officer Krysinski told Officer Avery that a male subject had taken a large bunch of green leafy

13  substance and some unknown object and moved rapidly down the hallway.  These facts are

14  consistent with the testimony and not controverted by Plaintiff's testimony.  There is no basis for

15  reconsideration.

16       ACCORDINGLY;

17       IT IS ORDERED:

18       Plaintiff's' Motion for Reconsideration [Dkt. # 46] is **DENIED**.

19

20       DATED this 14th day of April, 2010.

21

22       _____
         RONALD B. LEIGHTON

23       UNITED STATES DISTRICT JUDGE

24

25

26  ORDER - 2